RAYMOND NARDO, Esq.
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANTHONY GUERRA, Plaintiff, | : | **COMPLAINT** |
| -against- | : | **15-cv-03333-ALC** |
| MACKENZIE AUTOMATIC DOORS, Inc., ROGER SOUCEK, individually Defendants. | : | |

JURISDICTION AND VENUE

1. This action arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended. This Court has jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is proper in the Southern District of New York according to 28 U.S.C. § 1391 because the defendant corporation conducts business there and the events occurred there.

THE PARTIES

3. Plaintiff, Anthony Guerra, is a former employee of defendant Mackenzie Automatic Doors, Inc. (“MAD”)

4. Plaintiff performed work for defendants in Manhattan County, New York.

5. Defendant MAD is a corporation incorporated under the laws of the State of New York with its principal place of business located at 72 Reade Street, New York, NY.

6. During the time that plaintiff worked for defendant MAD employed 15 or more employees.

7. During the time that plaintiff worked for defendant, MAD employed 101 or more employees.

8. Defendant engages in an industry affecting commerce because it receives and ships items across State lines.

9. MAD is an "employer" under Title VII.

ADMINISTRATIVE PREREQUISITES

10. On or about March 3, 2014, plaintiff filed a charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging the defendants with discriminating against the plaintiff on the bases of his race and national origin (Hispanic) and retaliating against plaintiff because he raised claims of discrimination.

11. Said charge was filed within 300 days of the unlawful and discriminatory employment practices.

12. On or about March 17, 2015, the EEOC found "probable cause" that defendant discriminated against plaintiff and mailed a Notice of Right to Sue Letter to the plaintiff.

13. This federal lawsuit was commenced within 90 days of plaintiff's receipt of a right to sue letter.

COUNT I

14. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

15. Defendant hired plaintiff to work as an automatic installation technician on or about October 20, 2008.

16. Plaintiff's work performance was satisfactory or better.

17. On or about February 24, 2014, defendant questioned plaintiff about a door that was missing since December 2013.

18. On or about March 3, 2014, plaintiff complained, in writing, that defendant, and Roger Soucek, President of defendant, discriminated against plaintiff and other "Latino" coworkers. Plaintiff complained that he was denied a raise, accused of stealing a door because of his national origin, and that non-Hispanic coworkers were treated more favorably (by being allowed to leave a shift prematurely). Plaintiff also complained that Mr. Soucek repeatedly used racist statements towards Latino coworkers. Plaintiff faxed this complaint to MAD and the EEOC.

19. By letter dated March 3, 2014, Mr. Soucek stated that plaintiff's complaints were "fully investigated," and that there were "no racist comments." Defendant MAD faxed its

response to the EEOC.

20. Thereafter, defendant required plaintiff to withdraw his complaint to the EEOC, inter alia, in order to return to work.

21. Defendant MAD discriminated against plaintiff, on the basis of his Hispanic race and national origin, in violation of Title VII, causing plaintiff economic and non-economic damages.

22. Defendant MAD's discrimination against plaintiff was intentional, willful, and/or in reckless disregard of Title VII.

COUNT II

23. Plaintiff repeats and reincorporates each and every allegation as though fully set forth herein.

24. This Court has supplemental jurisdiction over New York State claims according to 28 U.S.C. section 1367.

25. Defendant MAD employs four or more employees and is an "employer" under the NYSHRL.

26. Defendant ROGER SOUCEK is an aider and abettor under the New York State Human Rights Law and was the highest ranking member of MAD, discriminated against plaintiff, and made the decision to terminate plaintiff.

27. Defendants discriminated against plaintiff on the basis of his Hispanic race and national origin, in violation of the NYSHRL, causing plaintiff economic and non-economic damages.

COUNT III

28. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

29. Defendants are "employers" under the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York ("NYCHRL").

30. Defendant ROGER SOUCEK is individually liable under the New York City Human Rights Law, and was the highest ranking member of MAD, discriminated against plaintiff, and made the decision to terminate plaintiff.

31. Defendants discriminated against plaintiff on the basis of his Hispanic race and national origin, in violation of the NYCHRL, causing plaintiff economic and non-economic damages.

COUNT IV

32. Plaintiff repeats and reincorporates each and every allegation as though fully set forth herein.

33. Plaintiff engaged in protected activities under Title VII by complaining of discrimination on the basis of his Hispanic race and national origin to MAD and the EEOC.

34. After plaintiff complained of discrimination to MAD and the EEOC, defendant, through Roger Soucek, conditioned plaintiff's reinstatement to work upon withdrawal of his EEOC complaint of discrimination.

35. Defendant MAD terminated plaintiff because he refused to withdraw his complaint of discrimination.

36. Defendant MAD intentionally and unlawfully retaliated against plaintiff, in violation of Title VII, causing plaintiff economic and non-economic damages.

37. Defendant MAD's discrimination against plaintiff was intentional, willful, and/or in reckless disregard of Title VII.

COUNT V

38. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

39. Defendants terminated plaintiff in retaliation for his complaints of discrimination, in violation of the NYSHRL, causing plaintiff economic and non-economic damages.

40. Defendants discrimination against plaintiff was intentional, willful, and/or in reckless disregard of Title VII.

COUNT VI

41. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

42. Defendants intentionally and unlawfully retaliated against plaintiff, in violation of the NYCHRL, causing plaintiff economic and non-economic damages.

43. Defendants discrimination against plaintiff was intentional, willful, and/or in reckless disregard of Title VII

JURY DEMAND

44. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

(a) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages and punitive damages for defendant MAD's willful unlawful sexual harassment of the plaintiff, in violation of Title VII;

(b) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendants' willful unlawful sexual harassment of plaintiff, in violation of the New York State Human Rights Law;

(c) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages and punitive damages for defendants' willful unlawful sexual harassment against the plaintiff, in violation of the New York City Human Rights Law;

(d) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages and punitive damages for defendant MAD's willful unlawful retaliation against the plaintiff, in violation of Title VII;

(e) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendants' willful unlawful retaliation against the plaintiff, in violation of the New York State Human Rights Law;

LAW OFFICE OF
RAYMOND NARDO

(f) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages and punitive damages for defendants' willful unlawful retaliation against the plaintiff, in violation of the New York City Human Rights Law

(g) That this court reinstate the plaintiff to his former position or a substantially similar one and enjoin the defendants from further discriminating against the plaintiff;

(h) That this court award the plaintiff counsel fees, disbursements, prejudgment interest, and costs pursuant to Title VII and 42 U.S.C. § 1988 and pursuant to the New York City Human Rights Law;

(i) That this court award the plaintiff such other and further relief as may be just and equitable.

Dated: Mineola, NY
April 30. 2015

Yours, etc.,

/s/

Raymond Nardo
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121