UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY GUERRA,<br><br>        Plaintiff,<br><br>v.<br><br>MACKENZIE AUTOMATIC DOORS, INC., and ROGER SOUCEK, individually,<br><br>        Defendants. | Civil Action No. 15-cv-3333 (ALC)<br><br>Honorable Andrew L. Carter, Jr., U.S.D.J.<br><br>ANSWER<br>AND SEPARATE DEFENSES<br>TO COMPLAINT<br>WITH COUNTERCLAIM |

Defendants Mackenzie Automatic Doors Inc. ("Mackenzie") and Roger Soucek (collectively, "Defendants"), by way of Answer to the Complaint of Plaintiff Anthony Guerra ("Plaintiff"), say:

JURISDICTION AND VENUE

1. Defendants neither admit nor deny the legal conclusions contained in paragraph 1. To the extent a responsive pleading is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendants neither admit nor deny the legal conclusions contained in paragraph 2. To the extent a responsive pleading is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

THE PARTIES

3. Admitted.

4. Defendants deny the allegations contained in paragraph 4 as characterized. Plaintiff performed work for Mackenzie in New York County, New York, as well as other counties.

5. Admitted.

6. Admitted.

7. Defendants deny the allegations as characterized in paragraph 7.

8. Defendants neither admit nor deny the legal conclusions contained in paragraph 8. To the extent a responsive pleading is required, Defendants deny the allegations as characterized in paragraph 8 but admit that Mackenzie receives items across State lines and does business in certain other states.

9. Admitted.

10. Defendants deny the allegations as characterized in paragraph 10 except they admit that Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination alleging discrimination based on "National Origin" and "Retaliation."

11. Defendants deny the allegations as characterized in paragraph 11. Specifically, Defendants deny that there was any "unlawful and discriminatory employment practice" but admit that the EEOC charge was filed by Plaintiff in 2014.

12. Defendants deny the allegations contained in paragraph 12 and refer to the EEOC's Notice of Determination for its precise terms. Specifically, Defendants deny that the EEOC found there was probable cause that "defendant discriminated against plaintiff" because the EEOC determined that the "information gathered is insufficient for the Commission to conclude that Charging Party was discriminated against because of his race or national origin."

13. Admitted.

## COUNT I

14. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 13 as if set forth at length herein.

15. Admitted.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations as characterized in paragraph 17 except they admit that Plaintiff was questioned on a number of occasions by employees of MacKenzie regarding a missing Gildor door panel that Plaintiff did not return to MacKenzie after it could not be installed in December 2013.

18. Defendants deny the allegations as characterized in paragraph 18 and refer to the "writing" identified in paragraph 18 for its precise terms.

19. Defendants deny the allegations as characterized in paragraph 19 and refer to the "letter" identified in paragraph 19 for its precise terms.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants neither admit nor deny the legal conclusions contained in paragraph 21. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 21.

22. Defendants neither admit nor deny the legal conclusions contained in paragraph 22. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 22.

## COUNT II

23. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 22 as if set forth at length herein.

24. Defendants neither admit nor deny the legal conclusions contained in paragraph 24. To the extent a responsive pleading is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Admitted.

26. Defendants neither admit nor deny the legal conclusions contained in paragraph 26. To the extent a responsive pleading is required, Defendants deny the allegations as characterized in paragraph 26.

27. Defendants neither admit nor deny the legal conclusions contained in paragraph 27. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 27.

## COUNT III

28. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 27 as if set forth at length herein.

29. Admitted.

30. Defendants neither admit nor deny the legal conclusions contained in paragraph 30. To the extent a responsive pleading is required, Defendants deny the allegations as characterized in paragraph 30.

31. Defendants neither admit nor deny the legal conclusions contained in paragraph 31. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 31.

## COUNT IV

32. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 31 as if set forth at length herein.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants neither admit nor deny the legal conclusions contained in paragraph 36. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 36.

37. Defendants neither admit nor deny the legal conclusions contained in paragraph 37. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 37.

## COUNT V

38. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 37 as if set forth at length herein.

39. Defendants neither admit nor deny the legal conclusions contained in paragraph 39. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 39.

40. Defendants neither admit nor deny the legal conclusions contained in paragraph 40. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 40.

## COUNT VI

41. Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 40 as if set forth at length herein.

42. Defendants neither admit nor deny the legal conclusions contained in paragraph 42. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 42.

43. Defendants neither admit nor deny the legal conclusions contained in paragraph 43. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 43.

## JURY DEMAND

44. Paragraph 44 merely contains statements to which no responsive pleading is required.

## **SEPARATE DEFENSES**

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against Defendants.

### SECOND SEPARATE DEFENSE

The claims asserted in the Complaint are barred by the doctrines of equitable estoppel and/or unclean hands because Plaintiff stole Mackenzie's property and his employment was terminated as a result of his own conduct, including his assertion of the "Fifth Amendment" when questioned by MacKenzie regarding the theft of MacKenzie's property.

2311047.2

### THIRD SEPARATE DEFENSE

Upon information and belief, the claims asserted in the Complaint may be barred by the equitable doctrines of laches and/or waiver.

### FOURTH SEPARATE DEFENSE

The Complaint fails to describe the claims made against Defendants with sufficient particularity to enable Defendants to determine what defenses they have in response to this lawsuit.  Therefore, Defendants reserve their right to assert all defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred because Plaintiff's employment with Defendants was at will.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants did not act with any illegal discriminatory or retaliatory intent.

### SEVENTH SEPARATE DEFENSE

The claims asserted in the Complaint are barred, in part, because Plaintiff's conclusory allegations of discrimination and retaliation are not sufficient to sustain a claim.

### EIGHTH SEPARATE DEFENSE

Plaintiff has failed to mitigate or offset his damages.

### NINTH SEPARATE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the "mixed motive" doctrine.  Plaintiff's employment was terminated due to his own conduct not because of his allegations of retaliation after MacKenzie had already investigated and questioned him regarding his own conduct and dishonesty.

### TENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff has failed to satisfy administrative prerequisites to suit and/or mitigate his alleged damages.

### ELEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to attorneys' fees or punitive damages.

### TWELFTH SEPARATE DEFENSE

Plaintiff is not entitled to be reinstated based upon his own conduct and dishonesty.

## COUNTERCLAIM

1. On or about December 13, 2013, Mackenzie assigned Plaintiff to install a replacement panel manufactured by Gildor, Inc. (the "First Gildor Panel") at a jobsite.

2. The First Gildor Panel was made of clean aluminum and measured five feet in width and 10 feet in length and weighed over 100 lbs.

3. When Plaintiff arrived at the jobsite, Plaintiff determined that the First Gildor Panel was manufactured incorrectly and could not be properly installed.

4. Plaintiff never returned the First Gildor Panel to MacKenzie.  Upon information and belief, Plaintiff scrapped the First Gildor Panel on or about December 18, 2013.

5. As a result, Mackenzie ordered a second Gildor panel from its supplier.

6. On or about January 17, 2014, Plaintiff received the second Gildor panel and scheduled its installation for that same day.

7. While at the jobsite, Plaintiff concluded that the second Gildor panel was also defective.

8. In response, Mackenzie ordered a third Gildor panel.

9. In January 2014, Mackenzie attempted to locate the two unused Gildor panels that Plaintiff alleged were defective.

10. Although Plaintiff acknowledged Mackenzie's request for information, Plaintiff made no indication that he had already returned the Gildor panels (or any other item(s)) to Mackenzie's shop.

11. Plaintiff returned the second Gildor panel to MacKenzie but never returned the First Gildor Panel.

12. Plaintiff admitted that he did not notify anyone that he returned the Gildor panels to the shop.

13. In response, Mackenzie conducted a thorough investigation to determine the location of the First Gildor Panel.

14. None of Mackenzie's other employees had any record of receiving the First Gildor Panel back in the shop.

15. Mackenzie also discovered that, based on GPS records for the company-owned vehicle driven by Plaintiff, on December 18, 2013, Plaintiff's vehicle stopped at Timpson Scrap Metal ("Timpson") located at 685 Timpson Avenue, Bronx, New York.

16. Timpson's owner confirmed to Mackenzie verbally and through the production of a Timpson receipt bearing a copy of Plaintiff's driver's license that on December

18, 2013, Plaintiff sold 160 lbs of clean aluminum to Timpson at $0.45 per pound (the price for clean aluminum).

17. On February 24, 2014, Ronald Roeder (Plaintiff's supervisor) and Mackenzie's Union Shop Steward met with Plaintiff to discuss the missing First Gildor Panel and to determine an appropriate course of action.

18. When confronted with the information that MacKenzie obtained from Timpson, Plaintiff alleged that he sold cladded material (i.e. mixed metal) removed from a previous installation, which installation Plaintiff was unable to identify.

19. At a subsequent meeting held at MacKenzie with Plaintiff, Union Representatives and Defendants, when Roger Soucek, the President of The Mackenzie Group, was subsequently asked to mediate the dispute, Mr. Soucek requested that Plaintiff explain his version of what happened to the missing panels.

20. Plaintiff refused to discuss the missing First Gildor Panel and instead stated that he was "taking the Fifth Amendment" or words to that effect.

21. Plaintiff similarly refused to respond to specific questions asked by MacKenzie and his Union's business agent and was advised that if he chose to not answer any questions or to respond to his supervisor, his employment would be terminated.

22. On March 4, 2014, Defendants terminated Plaintiff's employment.

23. Despite Plaintiff's poor work performance, theft and dishonesty, Plaintiff improperly filed a grievance with his Union against MacKenzie, which grievance was subsequently withdrawn during arbitration, and Plaintiff falsely claimed to the EEOC and now this Court that he was discriminated and retaliated against by Defendants.

24.     Plaintiff's false claims, theft and dishonesty have caused and continue to cause Mackenzie damages.

COUNT I – CONVERSION/TROVER

25.     Mackenzie incorporates by reference the allegations contained in paragraphs 1 through 24 as if set forth at length herein.

26.     Plaintiff deprived Mackenzie of its right to the First Gildor Panel by exercising control over it and scrapping it for his own personal gain.

27.     Because Plaintiff interfered with Mackenzie's rights to the First Gildor Panel, Mackenzie was unable to return it and Mackenzie was required to pay for it, including the costs associated with delivery.

28.     Plaintiff is liable to Mackenzie, including punitive damages, for the conversion of the First Gildor Panel in the approximate amount of $1,200.

WHEREFORE Defendants respectfully requests that this Court determine and enter judgment:

(a)     dismissing the Complaint, with prejudice;

(b)     declaring that Defendants did not discriminate nor retaliate against Plaintiff;

(c)     declaring that Plaintiff converted Mackenzie's property (the First Gildor Panel);

(d)     awarding damages to Defendants, including punitive damages, and costs of suit, including such reasonable attorneys' fees as may be allowed by law; and

(e)     granting such other relief as the Court deems just and proper.

2311047.2

                        By: s/Robert W. Mauriello, Jr.
                            Robert W. Mauriello, Jr.
                            GRAHAM CURTIN, P.A.
                            4 Headquarters Plaza
                            P.O. Box 1991
                            Morristown, New Jersey 07962-1991
                            (973) 292-1700
                            RMauriello@GrahamCurtin.com

                            3 Park Avenue, 22nd Floor
                            New York, New York 10016
                            (212) 847-3667

                            Attorneys for Defendants

Dated: June 4, 2015

2311047.2